# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2010

No. 09-31201

Lyle W. Cayce
Clerk

AVA WALES,

Plaintiff – Appellee

v.

CITY OF ZACHARY,

Defendant – Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:08-CV-408

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ava Wales won a $45,000 judgment against the City of Zachary (the "City") in a jury trial on her claim of sex discrimination.  The City appeals the district court's denial of its Rule 50(a) motion for judgment as a matter of law, and contests the damages award as excessive.  Because the City failed to renew its motion for judgment as a matter of law under Rule 50(b), and failed to move for a new trial or for remittitur following the jury's verdict, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31201

## I.   Facts and Procedural History

Wales, formerly a police officer for the City, filed suit against the City alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  Specifically, Wales claimed that certain actions of the Zachary Police Department's assistant chief constituted sexual harassment and had created a hostile work environment.

The district court conducted a brief jury trial.  At the close of Wales's evidence, the City moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).  The district court denied this motion.[1]  The City then rested without presenting any additional evidence.

The jury returned a verdict in favor of Wales and awarded her $45,000 in damages.  The City did not renew its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) following the jury's verdict, nor did it move for remittitur or for a new trial under Federal Rule of Civil Procedure 59.  The district court entered judgment on the jury's verdict and the City appealed.

## II.   Analysis

### A.   *Denial of Rule 50(a) Motion*

The City's failure to renew its motion for judgment as a matter of law after the jury's verdict is fatal to its appeal of the district court's denial of its motion.  In *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006), the Supreme Court held that when a party fails to renew its pre-verdict motion for judgment as a matter of law as specified in Rule 50(b), there is "no basis for review" of that party's challenge to the sufficiency of the evidence supporting the verdict on appeal.  *Id.* at 407; *see also  Downey v. Strain*, 510 F.3d 534, 543–44 (5th Cir. 2007) ("*Unitherm* establishes that a party who wishes to appeal on

---

[1] We note that the asserted grounds for the City's Rule 50(a) motion are not in the record.  Instead of a transcript of that portion of the trial, there is a brief docket annotation and a minute entry stating that the court denied the City's pre-verdict motion for judgment as a matter of law.  R. 3, R. 89.

No. 09-31201

grounds of insufficient evidence must make a Rule 50(b) motion for judgment as a matter of law after the jury's verdict, even when the party has previously made a Rule 50(a) motion."). Because the City failed to make a Rule 50(b) motion, there is no basis for this court to review the City's challenge to the sufficiency of the evidence supporting the jury's verdict. *See Unitherm*, 546 U.S. at 407; *accord Downey*, 510 F.3d at 544.

B.    *Damages Award*

The City separately challenges the $45,000 damages award as excessive. Because the City failed to raise this argument in any post-verdict motions, it is not properly before us. *See Verdin v. C & B Boat Co.*, 860 F.2d 150, 156–57 (5th Cir. 1988) (stating that "a court of appeals cannot review a jury award of damages as excessive or inadequate without a trial court ruling on remittitur "); *Bueno v. City of Donna*, 714 F.2d 484, 493–94 (5th Cir. 1983) ("It is well-established that there can be no appellate review of allegedly excessive or inadequate damages if the trial court was not given the opportunity to exercise its discretion on a motion for a new trial." (citations omitted)).

AFFIRMED.